**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID A. KEELING, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.    22cv04234 |
| | ) | |
| COLLECTION PROFESSIONALS, INC., | ) | |
| ROBERT B. STEELE, GEORGE | ) | **Judge Franklin U. Valderrama** |
| KRASNICAN, and APLINGTON, | ) | |
| KAUFMAN, MCCLINTOCK, STEELE | ) | Magistrate Judge Young B. Kim |
| & BARRY, LTD., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S MOTION TO ENTER JUDGMENT IN A CIVIL CASE

Plaintiff, David A. Keeling, by and through his attorneys, The Law Office of M. Kris Kasalo, Ltd., respectfully moves this Court to enter an Order entering "Judgment in a Civil Case", and in support of his motion, states as follows:

1.    On October 20, 2023, Defendants served an Offer of Judgment upon Plaintiff's counsel in the amount of $5,000.00 plus Plaintiff's reasonable attorney fees and costs in this case. Ex. A, Offer of Judgment and Acceptance by Plaintiff, Dkt. # 88.

2.    On November 3, 2023, Plaintiff accepted said Offer of Judgment. Ex. A, Offer of Judgment and Acceptance by Plaintiff.

3.    On November 24, 2025, the Court ruled on Plaintiff's fee petition, awarding $49,067.64 in attorney fees and costs. Ex. B, Order, Dkt. # 136.

4.    On November 26, 2025, Plaintiff emailed the Court requesting that a "Judgment in a Civil Case" be entered. Ex. C, Email.

5.      The final judgment is thus in an amount of $5,000.000 as offered by Defendants plus attorney fees and costs of $49,067.64.

6.      The final judgment amount is thus $54,067.64.

7.      The Court has not entered a Judgment in a Civil Case for the amount of $54,067.64.

8.      However, on December 1, 2025, the Court entered the following Minute Entry:

**MINUTE entry before the Honorable Franklin U. Valderrama: In light of the Court's resolution of Plaintiff's motion for attorney's fees and costs [136], the Court's understanding from Plaintiff's status report [133] is that there are no outstanding issues or claims in the case. Therefore, from the Court's perspective, the case can be closed. Accordingly, this civil case is terminated. If either party disagrees, they should promptly file a motion to reopen. Mailed notice. (jcm)** Dkt. # 137.

9.      On December 4, 2025, Defendant's counsel sent an email to Plaintiff's counsel stating as follows:

**Mario-**

**Your email below refers to a judgment being entered in the amount of $54,067.64 as to my clients, but I do not see a judgment reflecting that amount yet on the docket. I think I saw some emails between you and the clerk, but can you let me know if I am missing anything?**

**Justin Penn**
Partner
**Hinshaw & Culbertson LLP**

Ex. D, Email.

10.     Fed. R.Civ. P. 58 provides:

**(d) Request for Entry. A party may request that judgment be set out in a separate document as required by Rule 58(a).**

11.     Plaintiff thus requests, pursuant to Rule 58, that the Court file a "Judgment in a Civil Case" in a separate document for the amount of $54,067.64, *nunc pro tunc* to the date on which the Court ruled on the final judgment amount and issue in this case, which was on November 24, 2025.

WHEEFORE, Plaintiff requests that the Court file a "Judgment in a Civil Case" for the amount of $54,067.64, as to Defendants Collection Professionals, Inc., Robert B. Steele, and Aplington, Kaufman, McClintock, Steele, and Barry, Ltd., *nunc pro tunc* to the date on which the Court ruled on the final judgment amount, which was on November 24, 2025.

Respectfully submitted,

By: /s/ *Mario Kris Kasalo*
Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
4950 Madison St.
P.O. Box 1425
Skokie, IL 60077
Tele 312- 726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID A. KEELING, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.      22CV04234 |
| | ) | |
| COLLECTION PROFESSIONALS, INC., | ) | |
| ROBERT B. STEELE, GEORGE | ) | Judge Nancy L. Maldonado |
| KRASNICAN, and APLINGTON, | ) | |
| KAUFMAN, MCCLINTOCK, STEELE | ) | Magistrate Young B. Kim |
| & BARRY, LTD., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## <u>NOTICE OF ACCEPTANCE OF RULE 68 OFFER OF JUDGMENT</u>

Plaintiff David Keeling hereby advises this Court that he accepts Defendants' Rule 68

Offer of Judgment, a copy of which is attached hereto as Exhibit A. Plaintiff requests that this

Court (1) enter judgment against Defendants Collection Professionals, Inc., Aplington, Kaufman,

McClintock, Steele and Barry, Ltd. and Robert B. Steele, in the amount of $5,000.00 plus

Plaintiff's reasonable attorneys' fees and costs in this case, and (2) order the parties to confer

pursuant to Local Rule 54.3(d).

Respectfully submitted,

By: */s/Mario Kris Kasalo*
Mario Kris Kasalo
Attorney for Plantiff
**The Law Office of M. Kris Kasalo, Ltd.**
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
tel 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Mario Kris Kasalo, an attorney, hereby certify that on November 3, 2023, I served the

foregoing document via ECF filing, to:

Justin M. Penn
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com


James T. Reilly
Law Offices of Reilly & Skerston, LLC
7 Dannys Drive, Suite 1
Streator, IL 61364
Jtrlaw1@yahoo.com
james@reillylawofficestreator.com

1054009\313139066.v2

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID KEELING,               )
                                )
        Plaintiffs,        )
                                )  Case No.: 22CV04234
        v.                )
                                )
COLLECTION PROFESSIONALS, INC.,  )
ROBERT B. STEELE, GEORGE     )
KRASNICAN, and APLINGTON, KAUFMAN. )
McCLINTOCK, STEELE, & BARRY, LTD.,

        Defendants.

## RULE 68 OFFER OF JUDGMENT

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants, COLLECTION

PROFESSIONALS, INC., ROBERT B. STEELE, and APLINGTON, KAUFMAN,

McCLINTOCK, STEELE, & BARRY, LTD. (collectively "Defendants"), by and through their

attorney Justin M. Penn of Hinshaw & Culbertson LLP, hereby offer to allow judgment to be entered

against them in this action, and states as follows:

1.      Judgment shall be entered against Defendants in the amount of $5,000 and in favor of

Plaintiff arising from Plaintiff's claims for damages against Defendants in this lawsuit. In addition, the

judgment shall include such additional amounts for reasonable attorneys' fees and costs incurred in

the prosecution of the claims against Defendants that are alleged in in this case against Defendants as

agreed upon by the parties, and if no agreement can be made, as determined by the Court.

2.      The judgment entered in accordance with this Offer of Judgment is to be in total only

for the Plaintiffs' claims for damages, attorney fees and costs in this lawsuit against Collection

Professionals, Inc., Robert B. Steele, And Aplington, Kaufman. McClintock, Steele, & Barry, Ltd., and

does not extend to any other party to this lawsuit.

      3.      This offer of judgment is made solely for the purposes specified in Rule 68 of the

Federal Rules of Civil Procedure.

Dated: October 20, 2023

                                         Respectfully submitted,

                                         COLLECTION PROFESSIONALS, INC.,
                                         ROBERT B. STEELE, AND APLINGTON,
                                         KAUFMAN., MCCLINTOCK, STEELE, &
                                         BARRY, LTD.

                                         /s/ Justin M. Penn
                                         Justin M. Penn
                                         One of Defendants' Attorneys

Justin M. Penn
Hinshaw & Culbertson LLP
151 North Franklin St., Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail:  jpenn@hinshawlaw.com

1053854\315053145.v1

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that that on October 20, 2023, he caused another to serve a copy of the **Defendant's Rule 68 Offer of Judgment** via Electronic Mail, U.S. Mail, First Class, and facsimile on the following counsel of record:

Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

/s/ Justin M. Penn

3

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID KEELING,

     Plaintiff,

       v.

COLLECTION PROFESSIONALS,
INC., ROBERT B. STEELE, GEORGE
KRASNICIAN and APLINGTON,
KAUFMAN, MCCLINTOCK, STEELE,
& BARRY, LTD.,

     Defendants.

No. 22-cv-4234
Judge Franklin U. Valderrama

## ORDER

The Fair Debt Collection Practices Act (FDCPA) is a statute designed to protect consumers from unfair and deceptive debt collection practices, prohibiting debt collectors from making false representations and from engaging in abusive or unfair practices when collecting debts. *See* 15 U.S.C. § 1692 *et seq.* Plaintiff David Keeling (Keeling) sued Defendants Collection Professionals, Inc. (CP), Robert B. Steele (Steele), and Aplington, Kaufman, McClintock, Steele and Barry, Ltd. (Aplington) (collectively, Defendants),[1] alleging that Defendants violated the FDCPA through making false representations in relation to a state court suit. R.[2] 1, Compl. Before the

---

[1]Keeling also brought suit against Defendant George Krasnican, a process server, who is not a party to the instant motion and is therefore not included in the term "Defendants" for purposes of this Order.

[2]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

Court is Keeling's Motion for Attorney's Fees and Costs. R. 117, Mot. For the reasons that follow, Keeling's motion is granted in part and denied in part.

## Background

Defendant CP is a bad debt buyer that regularly collects defaulted consumer debts by mail, telephone and filing lawsuit. Compl. ¶ 5. Defendant Steele is an attorney who regularly collects defaulted consumer debts via mail, telephone, and the filing of lawsuits. Compl ¶¶ 10-11. Defendant Aplington is a law firm that regularly collects or attempts to collect defaulted consumer debts due. Compl. ¶ 14-15. Defendant George Krasnican, not a party to the instant motion, is a process server who provides debt collection support services to attorneys, third-party debt collectors and debt buyers, via civil process. Compl. ¶ 17-18.

On January 20, 2022, Steele and/or Aplington, on behalf of CP, filed sued against Keeling titled *Collection Professionals, Inc., v. Laura E. Keeling and David A. Keeling*, in state court. Compl. ¶ 20. Defendants sought to collect a medical debt from Keeling via the filing of the lawsuit. See Compl. Keeling hired an attorney to represent him in the collection action. *Id*. ¶152. Keeling's counsel sent Steele a copy of his appearance along with a motion to quash service in state court. *Id*.¶ 56. Despite Keeling being represented by an attorney, Steele and Aplington, on behalf of CP, mailed various motions and a notice directly to Keeling instead of his attorney. *Id*. ¶ 161. On July 21, 2022, the claim against Keeling in the state court action was dismissed without prejducoe, and without leave to reinstate. *Id*. ¶ 180.

On August 11, 2022, Keeling sued the Defendants alleging violations of the FDCPA (Count I). He additionally sued CP and Krasnican for violation of the Illinois Consumer Fraud Act, 815 ILCS 505 (Count II) and Illinois Collection Agency Act, 225 ILCS 425 (Count III). *Id.* ¶¶ 187-247.

During the lawsuit Defendants made several offers of judgment on Keeling pursuant to Rule 68. First, on April 7, 2023, Defendants served an offer of judgment for $11,000, "arising from Plaintiffs' [sic] claims for damages against them, inclusive of attorneys' fees and costs, as alleged in Plaintiffs' [sic] Complaint." *See* R. 130, Reply at 2 (quoting R. 124-1, Ex. 2). Next, on April 13, 2023, Defendants offered $24,000 to settle this suit as well as Keeling's ex-wife's case against Defendants. On May 16, 2023, Defendants made another offer, this time offering Keeling $12,000 for "all damages, attorney fees and costs." *See* Reply at 6. Keeling rejected all three offers, stating that the offers grossly undervalued the time Keeling's counsel spent working on the case to date, and that Defendants failed to properly distinguish the amount of the offer going to damages versus attorney's fees and costs. *See id.* at 2-7.

On August 21, 2023, Keeling made a global demand to settle all damages (statutory, actual, and punitive), attorney fees and costs, as to all Defendants, for $85,000, which offered judgment in favor of Keeling and against the Defendants, except for Krasnican, in the amount of $5,000 plus reasonable attorney's fees. *Id.* at 8. On October 20, 2023, Defendants served an offer of judgment on Keeling for $5,000.00 plus reasonable attorney fees and costs, which Keeling accepted. *Id.* at 7-8. Defendant Krasnican, the process server hired by Defendants, later also offered

judgment for $5,000.00 in damages which was accepted. In his offer of judgement, Krasnican acknowledged "that [Krasnican] did not personally serve" Keeling in the underlying state court suit, and additionally stated that "[t]his offer of judgment admits [Krasnican]'s liability as to the allegations of the Complaint." *Id.* at 8 (quoting R. 105).

Keeling then filed a Motion and Memorandum for Attorney's Fees and Costs. R. 117. Keeling's fully briefed motion is before the Court.

## Legal Standard

The FDCPA allows a prevailing plaintiff to recover reasonable attorney's fees and costs from the defendant. 15 U.S.C. § 1692k (a)(3); *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.* 574 F.3d 852, 856 (7th Cir. 2009). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (cleaned up). "No precise formula establishes a reasonable attorney fee, but the starting point is usually the lodestar method." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F. 4th 675, 682 (7th Cir. 2022). The lodestar method "multiplies the attorney's reasonable hourly rate by the hours the attorney reasonably expended." *Id.* (quoting *Schlacher*, 574 F.3d at 856). In applying these calculations, district courts are awarded "wide discretion in determining the appropriate amount of attorneys' fees and costs." *Spegon*, 175 F.3d at 550.

"Rule 68 provides a path for a defendant who wants to reduce the risk of a high fee award, at least under some fee-shifting statutes. Rule 68 limits the costs that a

4

prevailing party may recover if the party rejected the defendant's pre-trial offer of judgment and ultimately received a less favorable award." *Cooper*, 42 F.4th at 682; *see also Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949 (7th Cir. 2019).

## Analysis

Keeling seeks a total of $78,556.43 in attorney's fees and costs, arguing that he is entitled to full payment of his attorney's fees as he obtained a high degree of success. Mot at 8.[3] Keeling notes that under the FDCPA, the greatest amount of statutory damages that can be obtained in an FDCPA suit is $1,000. *Id.* (citing 15 U.S.C. § 1692k (a)(2). A plaintiff recovering the maximum statutory damages allowed under the FDCPA, posits Keeling, has obtained a high degree of success. *Id.* (citing *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995). Here, asserts Keeling, he obtained damages in the sum of $10,000. Thus, reasons Keeling, he obtained a "very high degree of success in this case, and the lodestar should not be reduced." Mot at 10.

Keeling maintains that his attorney's hourly rate of $425 per hour from the inception of the case to December 31, 2023, and $450 per hour thereafter, are reasonable. Mot at 10. According to Keeling, at no time have Defendants objected to the hourly rate. Mot at 12. The Court agrees with Keeling. In his order on Keeling's motion for sanctions, Magistrate Judge Kim found that Keeling's counsel's hourly

---

[3]Keeling specifically argues for attorney's fees in the amount of $77,372.50 and costs in the amount of $1,183.93, totaling $77,372.50.

rate of $425 was reasonable. *See* R. 79. The Court finds no reason to disagree, and Defendants have not advanced any persuasive argument to the contrary.

The Court additionally disagrees with Defendants' contention that certain costs are excessive. *See* R. 124, Resp. at 16. Defendants challenge Keeling's counsel's request for $120 in costs for a hearing transcript fee "contesting a statement made by defense counsel at a hearing that had no bearing whatsoever on the issues plaintiff prevailed on and which were never subsequently presented to this court." *Id.* The Court disagrees with Defendants' argument that this cost is unreasonable and unrecoverable. Excerpts from hearing transcripts are frequently used in support of motions, and Defendants fail to persuade the Court that costs for the transcript at issue here—whether eventually used in a motion or not—should not be recovered.

The Court focuses its analysis primarily on Defendants' arguments for reducing Keeling's requested fee award. Defendants make several arguments for reduction, namely that Keeling's counsel: 1) delayed settling the case in order increase his fees; 2) impermissibly attempts to recover fees that were already assessed; 3) impermissibly attempts to recover fees from work done for defendant Krasnican, who is uninvolved in the present motion; 4) impermissibly attempts to recover fees from work conducted for court action; 5) billed time in excess of his skill and familiarity, as well as in excess of what was required for certain tasks; and 6)

included fees for work conducted after Defendants' offer of judgment. *See generally* Resp. The Court addresses each in turn.

First, Defendants argue that Keeling's counsel delayed settling the case in order to run-up his fees. Specifically, Defendants contend that, before turning to the lodestar calculation, the Court may use its discretion to "significantly reduce Plaintiff's fees for failure to settle early." Resp. at 3. From Defendants' perspective, they made "substantial efforts" to "settle early and reasonably," which Keeling's counsel "disregarded, confused with offers for his other client, or failed to respond to." *Id.* at 5-6. Defendants contend that *Paz v. Portfolio Recovery Assocs., LLC*, is particularly instructive. *Id.* at 6-7 (citing *Paz*, 924 F.3d at 954). In *Paz*, the court only awarded plaintiff's counsel the number of hours worked before the defendant's Rule 68 offer. *See Paz*, 924 F.3d at 954. Defendants contend that here, as in *Paz*, "the fees after Defendants' $11,000 offer of judgment on April 7, 2023 should be eliminated from the fee calculation." Resp. at 6.

In the alternative, posit Defendants, the Court "should recognize that the work required for this case was similarly narrow and reduce accordingly." Resp. at 6. Defendants point out that in this case, there were no depositions, no motions for summary judgment, and very little other than written discovery. *Id.* at 6. As for Keeling's contention that he achieved a very favorable result, Defendants counter that this ignores the fact that the case could have and should have been settled sooner. Resp. at 7. Defendants also take issue with Keeling's counsel's hours spent

working on tasks such as a motion to quash a subpoena and reschedule a deposition, taking calls and client conferences, and reviewing court orders. *See* Resp. at 16.

In reply, Keeling predictably disagrees. Keeling contends that contrary to Defendants' suggestion, they did not seek to settle the case early. Reply at 2. Keeling points out that this lawsuit was filed on August 11, 2022, but Defendants did not serve an offer to settle the case until April 7, 2023, a stark contrast from the "prompt[]" offers in *Paz*, which went unanswered. *See Paz*, 924 F.3d at 952. Nor did Defendants' offer, from Keeling's perspective, come close to affording full relief to Keeling, as evidenced by the eventual offer of $5,000 plus attorney fees and costs which Keeling eventually accepted. *See* Reply at 14-15. "Put another way," argues Keeling, he was "wholly justified in rejecting the $6,000.00 offered to [him] for all attorney fees and costs incurred to a date over eight months into the case, via an ambiguous Offer of Judgment." *Id.* at 15. Keeling additionally disagrees with Defendants' characterization that this case was simple. Reply at 16.

The Court largely agrees with Keeling. In contrast to the plaintiff in *Paz*, here, Keeling sent his own counter-demand and eventually received $5,000 and attorney's fees from Defendants' final offer of judgment. Keeling was not, as Defendants assert, intentionally stonewalling. Nor were the costs that Defendants take issue with unreasonable. Client calls and conferences and reviews of court orders are acceptable and expected tasks to bill for. While Defendants argue that this case was not overly complex, Keeling disagrees, pointing out that the case involved "numerous allegations of abusive, misleading, deceptive and simply false statements made by

8

Defendants in connection with their attempts to collect a debt from Plaintiff, and violations of the FDCPA, Consumer Fraud Act and Collection Agency Act were alleged for Defendants' attempts to collect an inflated claim that includes costs and attorney fees not owed, suing Plaintiff in the wrong venue, misrepresenting that Plaintiff was a debtor regarding debts that he did not ever incur, misrepresenting that service had been made on Plaintiff when it had not been, failure to provide a Notice of Debt to Plaintiff, inter alia, necessitating a substantial amount of attorney hours as the case progressed." Reply at 16. The Court agrees with Keeling and finds that reduction is not appropriate for the reasons Defendants advance.

Second, Defendants argue that Keeling improperly seeks fees he already recovered through his motions for sanctions. Resp. at 8-9. Not so, argues Keeling. Keeling points out that in his order on Keeling's motion for sanctions, Magistrate Judge Kim only awarded Keeling fees "incurred on August 9 through August 11, 2023 (total of 5.7 hours) and September 18, 2023 (3.3 hours)." Reply at 16-18. Therefore, argues Keeling, Defendants' argument that Keeling's attorney fees incurred on July 28, 2023, September 5, 2023, September 11, 2023, and September 12, 2023 should be disallowed neither tracks Judge Kim's order, nor is reasonable." *Id.* at 17. The Court agrees with Keeling and finds that he has not already been awarded his fees for the work he seeks.

Third, Defendants contend that Keeling's counsel impermissibly seeks to recover fees for work conducted on Keeling's case against Krasnican who is not one of the defendants at issue in the present motion. The way Defendants see it, all of

9

Keeling's counsel's entries devoted solely to Krasnican should be excluded, and all of the entries devoted to Krasnican and the other three defendants together should be reduced by 25%. *See* Resp. at 9-10. In response, Keeling argues that fees relating to work devoted to Krasnican is recoverable because if Krasnican was held liable, as an agent of the other defendants, the other defendants would consequently found to be vicariously liable. *See* Reply at 18. The Court agrees that liability of Krasnican would lead to vicarious liability of the other three defendants. *See Janetos v. Fulton Friedman & Gullace*, LLP, 825 F.3d 317, 325-26 (7th Cir. 2016) (vicarious liability is available under the FDCPA). However, that alone does not justify Keeling being awarded the full amount of attorney's fees for work conducted solely on Keeling's case against Krasnican. Indeed, Keeling cites no authority in support of such a proposition. A reduction of fees based on work conducted solely relating to Krasnican's case is appropriate. These fees total $10,030 with costs of $346.47. *See* Resp. at 11. As for fees resulting from work explicitly devoted to all four Defendants, the Court finds that a 10% reduction—as opposed to the 25% requested by Defendants—is appropriate, culminating in a total reduction of $2,635.

Fourth, Defendants maintain that fees relating to work performed for the underlying state court action are unrecoverable. Resp. at 14-15. Keeling retorts that work on the motion to quash service was required to maintain his FDCPA claim in this court due to issue preclusion. Reply at 22-23. Even taking Keeling's argument as true, the Court finds that the 15.5 hours billed to the state court action prior to the

10

complaint being filed is excessive. Accordingly, the Court will discount fees for the 15.5 hours by 50%, culminating in a total reduction of $3,293.75.

Fifth, the Court disagrees with Defendants' position that Keeling's counsel billed in excess of his level of expertise on the subject matter or on certain tasks. The hours Keeling's lawyer billed were reasonable and proportional to those billed by Defendants' counsel. *See* Reply at 24-25 (comparing 19.9 hours billed by Keeling's counsel on the complaint to 28.6 total hours spent by Defendants' counsel on the answer). Nor does Defendants' argument that Keeling's counsel engaged in "form pleadings" hold water. As Keeling argues, Defendants point to six paragraphs in Keeling's complaint that are repetitive of other filings, but neglect to mention the 241 paragraphs that are *not* repetitive. *See* Reply at 24.

Last, Defendants request that all hours billed after acceptance of the offer of judgment be excluded. *See* Resp. at 23-24. Recall that on October 20, 2023, Defendants served an offer of judgment on Keeling for $5,000.00 plus reasonable attorney fees and costs, which Keeling accepted. Defendants state that Keeling's counsel seeks payment for 32.3 hours of work, 6.7 before his fee increase and 25.6 after his fee increase, totaling $14,367.50, associated with work performed between accepting the offer of judgment and the present." *See* Resp. at 23. Defendants argue that their offer of $25,000 in fees was reasonable, where lodestar calculations would likely reduce the total amount of fees and where Magistrate Judge Kim previously reduced the total award requested by 50%. *See id.*

11

While Keeling countered that the eventual offer he accepted was greater than the *original* offer he received (in April 2023), he does not contest Defendants' argument that fees after the *accepted* offer of judgment (made in October 2023) should be excluded. *See* Resp. at 23 ("Plaintiff's counsel seeks payment for 32.3 hours of work, 6.7 before his fee increase and 25.6 after his fee increase, totaling $14,367.50, associated with work performed between accepting the offer of judgment and the present.") (citing R. 117 at 23-29) (displaying fees after accepting offer of judgment in November 2023); *see also* R. 88 (accepting offer of judgment on November 3, 2023).[4]

In analyzing this issue, courts consider the ultimate award a plaintiff received compared to any offer of judgment they rejected. *See Paz*, 924 F.3d at 953-54. The Court agrees that Defendants' offer of judgment was sufficiently reasonable to warrant exclusion of fees Defendants point to. This conclusion is compounded by Keeling's lack of reply on the issue, thereby waiving any argument against Defendants' contention. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."). Accordingly, the Court will reduce the total amount of fees by $14,367.50.

In sum, the Court finds that the reasonable reduction of attorney's fees is $30,326.25. This reduction accounts for the fees relating to work conducted solely towards Krasnican, 10% of the work conducted towards all four defendants, 50% of the work conducted for the state court action prior to the filing of the complaint, and

---

[4] The Court notes that Keeling's brief contains a section titled "Fees following offer of judgment are reasonable." Reply at 25. However, the argument contained therein applies to Judge Kim's award of sanctions, rather than the argument that Defendants make in relation to fees postdating acceptance of the offer of judgment.

for the work conducted after the acceptance of the offer of judgment. Additionally, a $346.47 reduction of costs is appropriate for work conducted solely towards Krasnican. Accordingly, the final attorney's fee amount comes to $48,230.18 and the final costs amount comes to $837.46, totaling an award of attorney's fees and costs in the amount of $49,067.64.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Keeling's motion for attorney's fees and costs. The total attorney's fees and costs awarded to Keeling is $49,067.64.

Dated: November 24, 2025

United States District Judge
Franklin U. Valderrama

13

**EXHIBIT C**

EXHIBIT C

 Outlook

---

**Keeling v Collection Professionals et al/Case No. 22cv4234**

---

**From** mario.kasalo kasalolaw.com <mario.kasalo@kasalolaw.com>
**Date** Wed 11/26/2025 12:26 PM
**To** Jonathan_Martinez@ilnd.uscourts.gov <Jonathan_Martinez@ilnd.uscourts.gov>
**Cc** jpenn@hinshawlaw.com <jpenn@hinshawlaw.com>

Mr. Martinez:

I represent the Plaintiff in the foregoing case.

I note that a "Judgment in a Civil Case" has not been filed in this case, although the Court decided attorney fees and costs on 11/24/25 (Dkt. # 136) pursuant to an offer of judgment of $5,000.00 plus attorney fees and costs, which was filed as accepted on 11/3/23. (Dkt. # 88).

Kindly advise on whether said document will be filed. Thank you.


Mario Kasalo
The Law Office of M. Kris Kasalo, Ltd.
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
tele 312-726-6160
fax 312-698-5054
email mario.kasalo@kasalolaw.com

**EXHIBIT D**

EXHIBIT D

 Outlook

---

**RE: Keeling v Steele et al/Case No. 22cv4234**

---

**From** Penn, Justin M. <jpenn@hinshawlaw.com>

**Date** Thu 12/4/2025 1:08 PM

**To** mario.kasalo kasalolaw.com <mario.kasalo@kasalolaw.com>

**Cc** Hayes, Margaret A. <MAHayes@hinshawlaw.com>

Mario-

Your email below refers to a judgment being entered in the amount of $54,067.64 as to my clients, but I do not see a judgment reflecting that amount yet on the docket. I think I saw some emails between you and the clerk, but can you let me know if I am missing anything?

**Justin Penn**
Partner
**Hinshaw & Culbertson LLP**

Chicago Office | 151 North Franklin Street, Suite 2500, Chicago, IL 60606
**O:** 310-909-8036 | **F:** 312-704-3001

Los Angeles Office | 350 South Grand Avenue, Suite 3600, Los Angeles, CA 90071

Peoria Office | 416 Main Street, Suite 529, Peoria, IL 61602

jpenn@hinshawlaw.com
My Bio | hinshawlaw.com | in f X ⊙

 *Proudly* **MANSFIELD RULE CERTIFIED** *PLUS*

---

**From:** mario.kasalo kasalolaw.com <mario.kasalo@kasalolaw.com>
**Sent:** Tuesday, December 2, 2025 10:51 PM
**To:** Penn, Justin M. <jpenn@hinshawlaw.com>
**Cc:** Hayes, Margaret A. <MAHayes@hinshawlaw.com>
**Subject:** Keeling v Steele et al/Case No. 22cv4234

---

Counsel:

As a judgment exists in this case for the amount of $54,067.64 as to your clients, kindly ensure that it is paid in full to my office via check written to "The Law Office of M. Kris Kasalo, Ltd." and received at the address below on or by December 9, 2025.

If I do not receive it by that date, I will thereafter plan to proceed with post-judgment collection which would include, but not be limited to, filing and serving citations on each Defendant's account(s).

Mario Kasalo

The Law Office of M. Kris Kasalo, Ltd.
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
tele 312-726-6160
fax 312-698-5054
email mario.kasalo@kasalolaw.com
Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.